Aimee **SHOEMAKER** and Jessica Shoemaker, By Next Friend, Amanda Embree, Plaintiffs,

v.

**GENERAL MOTORS CORPORATION,** Defendant.

No. 91–0990–CV–W–8.

United States District Court, W.D. Missouri, W.D.

Feb. 28, 1994.

Robert L. Langdon, J. Kent Emison, Carter J. Ross, Lexington, MO, for plaintiffs.

Rodney D. Loomer, Springfield, MO, David R. Kelly, Minneapolis, MN, for defendant.

## ORDER

STEVENS, Chief Judge.

This matter is before the Court on plaintiffs' motion to attend all litigation testing performed by defendant in relation to this cause of action. Plaintiffs request this relief because they fear that General Motors will perform tests and later object to discovery of those tests based on attorney-client privilege or because it is work product. Plaintiffs also claim that attendance at such tests is "necessary to ensure the integrity of the test, its foundation and its results." They claim that this cannot be accomplished by any means short of attending the tests. Finally, plaintiffs are concerned that General Motors will conduct numerous tests to achieve one positive result.

General Motors, in response, argues that the presence of plaintiffs' counsel at the tests will reveal protected attorney work product and consulting expert information. The Court agrees. The decision of what to test and how is essentially a working-out of the defendant's interpretation of facts and testing of its defenses. Those processes involve either the attorney's mental processes or the opinions of consulting experts. Both are protected.

Trial preparation materials are protected from disclosure by Fed.R.Civ.P. 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Such materials may be subject to discovery if the party seeking discovery has a "substantial need" of the materials and cannot acquire the equivalent information without undue hardship. In any case, the Court must protect against disclosure of an attorney's "mental impressions, conclusions, opinions or legal theories." Fed.R.Civ.P. 26(b)(3). As discussed above, the decision about what to test and how is the embodiment of the attorney's legal theories. Allowing plaintiffs' lawyers to be present at these tests would intrude impermissibly on the development of defendant's case.

General Motor's lawyers do not design or conduct these tests by themselves; they need the assistance of experts. These experts may be expected to testify or they may be retained for consultation only. Insofar as those experts are expected to testify at trial, their opinions and the facts on which those opinions are based are certainly discoverable in accordance with Fed.R.Civ.P. 4(a). However, information about the facts known and opinions held by consulting experts is protected by Fed.R.Civ.P. 26(b)(4)(B) and should be disclosed only on a showing of "exceptional circumstances." Plaintiffs' fears do not constitute exceptional circumstances.

If the results of any of the tests are to be offered as evidence at trial, General Motors will provide plaintiffs, well in advance of trial, the opportunity to depose persons knowledgeable about the tests offered. The class of "knowledgeable persons" shall include both testifying and non-testifying experts. Through this mechanism, plaintiffs may discover the nature of the test offered and the number of similar tests performed to reach a certain result. The Court must assume at this point that General Motors will provide full and accurate information about these tests when requested to do so. General Motors is certainly well aware of this Court's treatment of inadequate discovery.

Finally, as the parties are aware, the Court is the final arbiter on the admissibility of evidence at trial. If it appears that the test is not helpful to the jury or that its integrity is questionable, it will not be admitted. This procedure will provide plaintiffs with reasonable discovery of relevant tests. Accordingly, it is

ORDERED that plaintiffs' motion to attend defendant's litigation testing is DENIED.